UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH HUMPHREY, CRAIG KING,
KEVIN PUGH, GEORGE PLOFCHAN,
JAMES MASTARONE, BURTON KEPHART,
and ROBERT DICKINSON,

Case No.: _____

Plaintiffs,

v.

LEZZER LUMBER, INC.,

Defendant.

## COMPLAINT

AND NOW, come the Plaintiffs, Joseph Humphrey, et. al., by and through their attorneys, Lutz & Pawk and Lawrence P. Lutz and Brian L. Lutz, and file the following Complaint in the above-captioned matter:

### NATURE OF THE ACTION, JURISDICTION AND VENUE

1. This is a claim under the Age Discrimination Employment Act of 1967, 29 U.S.C.A. §621 et seq. (the "ADEA") to recover damages for Defendant's actions against seven (7) similarly situated Plaintiffs.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 for federal claims and 29 U.S.C. §1367 for supplemental state claims. This action is authorized and instituted pursuant to the ADEA and the Pennsylvania Human Relations Act, 43 P. S. §§951—963 (the "PHRA").

3. The actions alleged to be unlawful were committed in and around Butler, Pennsylvania and Grove City, Pennsylvania, as Defendant had business operations at both locations. Therefore, venue is proper in the United States District Court for the Western District of Pennsylvania.

4. All Plaintiffs in this action have exhausted their respective administrative remedies by filing with the Equal Employment Opportunity Commission (the "EEOC") and the Pennsylvania Human Relations Commission (the "PHRC") on November 18, 2009. Such date is within the statutory period following the actions giving rise to this claim.

5. No Right to Sue is required under the ADEA, and, because the EEOC charge was filed more than sixty (60) days ago, Plaintiffs now wish to bring suit in Federal Court.

## PARTIES

6. Plaintiff, Joseph Humphrey ("Mr. Humphrey"), is a citizen of the Commonwealth of Pennsylvania, residing at 215 West Prairie Street, Harrisville, Pennsylvania, 16038.

7. Plaintiff, Craig King ("Mr. King"), is a citizen of the Commonwealth of Pennsylvania, residing at 1037 Barkeyville Road, Lot 1, Grove City, Pennsylvania, 16127.

8. Plaintiff, Kevin Pugh ("Mr. Pugh"), is a citizen of the Commonwealth of Pennsylvania, residing at 211 Peach Street, Butler, Pennsylvania, 16001.

9. Plaintiff, George Plofchan ("Mr. Plofchan"), is a citizen of the Commonwealth of Pennsylvania, residing at 144 Fifth Street, East Butler, Pennsylvania, 16029.

10. Plaintiff, James Mastarone ("Mr. Mastarone"), is a citizen of the Commonwealth of Pennsylvania, residing at 560 Millburn Road, Mercer, Pennsylvania, 16137.

11. Plaintiff, Burton Kephart ("Mr. Kephart"), is a citizen of the Commonwealth of Pennsylvania, residing at 6424 U.S. Route 322, Franklin, Pennsylvania, 16323.

12.     Plaintiff, Robert Dickinson ("Mr. Dickinson"), is a citizen of the Commonwealth of Pennsylvania, residing at 202 Dickinson Lane, Slippery Rock, Pennsylvania, 16057.

13.     Defendant, Lezzer Lumber, Inc, ("Lezzer Lumber") is a Pennsylvania Corportation, with several business locations throughout the state, including one located at 777 East Butler Road, Butler, Pennsylvania, 16001.

14.     Lezzer Lumber is an employer within the meaning of the ADEA and the PHRA.

## FACTUAL BACKGROUND AND STATEMENT OF CLAIMS

### CLAIM 1 – JOSEPH HUMPHREY V. LEZZER LUMBER

15.     Mr. Humphrey is a male, current age 57, born in 1953.

16.     Mr. Humphrey was hired by Lezzer Lumber on March 3, 1993.

17.     Mr. Humphrey performed his job duties satisfactorily throughout his employment with Lezzer Lumber.

18.     Mr. Humphrey's most recent position with Lezzer Lumber was Facilitator.

19.     On or about August 31, 2009, Mr. Humphrey, among others, was notified that Lezzer Lumber's Grove City location, where he was employed, would be closing down due to slow business.

20.     On or about September 1, 2009, Mr. Humphrey and Mr. Mastarone had a conversation with Lezzer Lumber's Human Resources Director, Jayme Ross ("Ms. Ross") during which Ms. Ross stated that "…we can get a cheaper insurance premium with a younger, healthier workforce."

21.     On or about September 4, 2009, Lezzer Lumber terminated seven (7) employees from its Grove City location, including Mr. Humphrey, all of whom were over the age of 45.

22. Prior to this date, eight (8) other employees, none of whom were older than 45, were offered a chance to remain employed with Lezzer Lumber.

23. In total, Lezzer Lumber terminated 10 employees, all of whom were over the age of 45.

24. Mr. Humphrey was never told verbally or in writing that his job performance was unsatisfactory.

25. Mr. Humphrey was not offered alternative employment with Lezzer Lumber after the decision to close the Grove City location was made.

26. Mr. Humphrey is in the protected group.

27. Mr. Humphrey is qualified for the position in question (Facilitator).

28. Mr. Humphrey suffered an adverse employment action (termination).

29. Mr. Humphrey was replaced by a significantly younger employee.

30. Lezzer Lumber's motive in terminating Mr. Humphrey and the other Plaintiffs was age discrimination, a preference for younger workers, and an attempt to obtain a less expensive insurance premium.

## CLAIM 2 – CRAIG KING V. LEZZER LUMBER

31. Mr. King is a male, current age 50, born in 1960.

32. Mr. King was hired by Lezzer Lumber on July 12, 2004.

33. Mr. King performed his job duties satisfactorily throughout his employment with Lezzer Lumber.

34. Mr. King's most recent position with Lezzer Lumber was C.D.L. Driver.

35. On or about September 4, 2009, Lezzer Lumber terminated seven (7) employees from its Grove City location, including Mr. King, all of whom were over the age of 45.

36. Mr. King was never told verbally or in writing that his job performance was unsatisfactory.

37. Mr. King was not offered alternative employment with Lezzer Lumber after the decision to close the Grove City location was made.

38. Mr. King is in the protected group.

39. Mr. King is qualified for the position in question (C.D.L. Driver).

40. Mr. King suffered an adverse employment action (termination).

41. Mr. King was replaced by a significantly younger employee.

42. Lezzer Lumber's motive in terminating Mr. King and the other Plaintiffs was age discrimination, a preference for younger workers, and an attempt to obtain a less expensive insurance premium.

### CLAIM 3 – KEVIN PUGH V. LEZZER LUMBER

43. Mr. Pugh is a male, current age 59, born in 1951.

44. Mr. Pugh was hired by Lezzer Lumber on July 6, 1983.

45. Mr. Pugh performed his job duties satisfactorily throughout his employment with Lezzer Lumber.

46. Mr. Pugh's most recent position with Lezzer Lumber was Operations Manager.

47. On or about September 4, 2009, Lezzer Lumber terminated Mr. Pugh, who had been working out of the Butler location, and replaced him with a significantly younger person.

48. No warning or reason was given for Mr. Pugh's termination.

49. Mr. Pugh was never told verbally or in writing that his job performance was unsatisfactory.

50. Mr. Pugh was not offered alternative employment with Lezzer Lumber after the decision to close the Grove City location was made.

51. Mr. Pugh is in the protected group.

52. Mr. Pugh is qualified for the position in question (Operations Manager).

53. Mr. Pugh suffered an adverse employment action (termination).

54. Mr. Pugh was replaced by a significantly younger employee.

55. Lezzer Lumber's motive in terminating Mr. Pugh and the other Plaintiffs was age discrimination, a preference for younger workers, and an attempt to obtain a less expensive insurance premium.

## CLAIM 4 – GEORGE PLOFCHAN V. LEZZER LUMBER

56. Mr. Plofchan is a male, current age 63, born in 1947.

57. Mr. Plofchan was hired by Lezzer Lumber on October 29, 1986.

58. Mr. Plofchan performed his job duties satisfactorily throughout his employment with Lezzer Lumber.

59. Mr. Plofchan's most recent position with Lezzer Lumber was Shipping & Receiving Clerk.

60. On or about September 4, 2009, Lezzer Lumber terminated Mr. Plofchan, who had been working out of the Butler location, and replaced him with a significantly younger person.

61. No warning or reason was given for Mr. Plofchan's termination.

62. Mr. Plofchan was never told verbally or in writing that his job performance was unsatisfactory.

63. Mr. Plofchan was not offered alternative employment with Lezzer Lumber after the decision to close the Grove City location was made.

64. Mr. Plofchan is in the protected group.

65. Mr. Plofchan is qualified for the position in question (Shipping & Receiving Clerk).

66. Mr. Plofchan suffered an adverse employment action (termination).

67. Mr. Plofchan was replaced by a significantly younger employee.

68. Lezzer Lumber's motive in terminating Mr. Plofchan and the other Plaintiffs was age discrimination, a preference for younger workers, and an attempt to obtain a less expensive insurance premium.

## CLAIM 5 – JAMES MASTARONE V. LEZZER LUMBER

69. Mr. Mastarone is a male, current age 62, born in 1947.

70. Mr. Mastarone was hired by Lezzer Lumber on May 18, 1992.

71. Mr. Mastarone performed his job duties satisfactorily throughout his employment with Lezzer Lumber.

72. Mr. Mastarone's most recent position with Lezzer Lumber was Dispatcher.

73. On or about August 31, 2009, Mr. Mastarone, among others, was notified that Lezzer Lumber's Grove City location, where he was employed, would be closing down due to slow business.

74. On or about September 1, 2009, Mr. Mastarone and Mr. Humphrey had a conversation with Lezzer Lumber's Human Resources Director, Jayme Ross ("Ms. Ross") during which Ms. Ross stated that "...we can get a cheaper insurance premium with a younger, healthier workforce."

75. On or about September 4, 2009, Lezzer Lumber terminated seven (7) employees from its Grove City location, including Mr. Mastarone, all of whom were over the age of 45.

76. Mr. Mastarone was never told verbally or in writing that his job performance was unsatisfactory.

77. Mr. Mastarone was not offered alternative employment with Lezzer Lumber after the decision to close the Grove City location was made.

78. Mr. Mastarone is in the protected group.

79. Mr. Mastarone is qualified for the position in question (Dispatcher).

80. Mr. Mastarone suffered an adverse employment action (termination).

81. Mr. Mastarone was replaced by a significantly younger employee.

82. Lezzer Lumber's motive in terminating Mr. Mastarone and the other Plaintiffs was age discrimination, a preference for younger workers, and an attempt to obtain a less expensive insurance premium.

## CLAIM 6 – BURTON KEPHART V. LEZZER LUMBER

83. Mr. Kephart is a male, current age 62, born in 1948.

84. Mr. Kephart was hired by Lezzer Lumber on June 26, 1997.

85. Mr. Kephart performed his job duties satisfactorily throughout his employment with Lezzer Lumber.

86. Mr. Kephart's most recent position with Lezzer Lumber was C.D.L. Driver.

87. On or about September 4, 2009, Lezzer Lumber terminated seven (7) employees from its Grove City location, including Mr. Kephart, all of whom were over the age of 45.

88. Mr. Kephart was never told verbally or in writing that his job performance was unsatisfactory.

89. Mr. Kephart was not offered alternative employment with Lezzer Lumber after the decision to close the Grove City location was made.

90. Mr. Kephart is in the protected group.

91. Mr. Kephart is qualified for the position in question (C.D.L. Driver).

92. Mr. Kephart suffered an adverse employment action (termination).

93. Mr. Kephart was replaced by a significantly younger employee.

94. Lezzer Lumber's motive in terminating Mr. Kephart and the other Plaintiffs was age discrimination, a preference for younger workers, and an attempt to obtain a less expensive insurance premium.

### CLAIM 7 – ROBERT DICKINSON V. LEZZER LUMBER

95. Mr. Dickinson is a male, current age 67, born in 1943.

96. Mr. Dickinson was hired by Lezzer Lumber on September 30, 1997.

97. Mr. Dickinson performed his job duties satisfactorily throughout his employment with Lezzer Lumber.

98. Mr. Dickinson's most recent position with Lezzer Lumber was C.D.L. Driver.

99. On or about September 4, 2009, Lezzer Lumber terminated seven (7) employees from its Grove City location, including Mr. Dickinson, all of whom were over the age of 45.

100. Mr. Dickinson was never told verbally or in writing that his job performance was unsatisfactory.

101. Mr. Dickinson was not offered alternative employment with Lezzer Lumber after the decision to close the Grove City location was made.

102. Mr. Dickinson is in the protected group.

103. Mr. Dickinson is qualified for the position in question (C.D.L. Driver).

104. Mr. Dickinson suffered an adverse employment action (termination).

105. Mr. Dickinson was replaced by a significantly younger employee.

106.    Lezzer Lumber's motive in terminating Mr. Dickinson and the other Plaintiffs was age discrimination, a preference for younger workers, and an attempt to obtain a less expensive insurance premium.

## CLAIMS

107.    Plaintiffs hereby incorporate Paragraphs 1 through 106 of their Complaint as though the same were more fully set forth herein.

108.    All Plaintiffs suffered loss of job, mental anguish, loss of future earnings and loss of benefits as a result of the unlawful actions by Defendant, Lezzer Lumber.

109.    All Plaintiffs are seeking all damages to which they are entitled under the ADEA and the PHRA, including, but not limited to, lost wages, liquidated damages, lost benefits (including retirement and health benefits), compensatory damages under the PHRC, attorneys' fees and costs.

110.    The actions by Defendant, Lezzer Lumber, were knowing and willful violations of state and federal law; specifically, the ADEA and PHRA.

## JURY DEMAND

A jury trial is hereby demanded.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and all others similarly situated, respectfully request that they each be awarded monetary damages, including but not limited to, lost wages since September 4, 2009, future lost wages, lost health and retirement benefits, compensatory damages under the PHRC, liquidated damages, interest, costs of suit, and attorneys' fees, as well as any and all other damages to which they may be entitled under the ADEA and/or PHRA.

Respectfully submitted,

LUTZ & PAWK.

Lawrence P. Lutz, Esquire
PA I.D. #34606

Brian L. Lutz, Esquire
PA I.D. #308323

The Morgan Center Building
101 East Diamond Street, Suite 102
Butler, PA 16001
(724) 285-3400

Attorneys for Plaintiffs